UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD DOWNING,

    Plaintiff,

v.                                                                                  Case No. 23-10764

VALICOR ENVIRONMENTAL                            Sean F. Cox
SERVICES, LLC,                                              United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
GRANTING MOTION TO COMPEL ARBITRATION**

    Plaintiff filed this employment discrimination and retaliation action, asserting federal and state-law claims against his former employer. The matter is currently before the Court on Defendant's Motion to Compel Arbitration. The parties have briefed the issues and the Court concludes that oral argument is not necessary. *See* Local Rule 7.1(f). For the reasons set forth below, the Court shall GRANT the motion.

**BACKGROUND**

    Plaintiff Chad Downing ("Plaintiff" or "Downing") filed this action against his former employer, Defendant Valicor Environmental Services, LLC ("Defendant" or "Valicor"). Plaintiff's Complaint asserts discrimination, retaliation, and hostile-work-environment claims under the federal Age Discrimination in Employment Act of 1967, 42 U.S.C. § 621 *et seq*. (the "ADEA"), and Michigan's Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 *et seq*. (the "ELCRA"). Plaintiff's Complaint states that Plaintiff was hired as a plant manger by Defendant in April of 2020. (Compl. at ¶ 2). Plaintiff alleges that he was terminated from his

position on December 22, 2020. (*Id.* at ¶ 23).

On July 17, 2023, Defendant filed a "Motion To Dismiss Plaintiff's Complaint Based On His Arbitration Agreement And Compel Arbitration." (ECF No. 7). Along with that motion, Defendant submitted a "Declaration Of Paul Ramsey" (ECF No. 7-1), signed "under penalty of perjury" on July 17, 2023. Ramsey's Declaration states:

I, Paul Ramsey, declare as follows:

1. I am over 18 years of age, and competent to give this Declaration.

2. I am currently VP of Human Resources for Valicor Environmental Services, LL. ("Valicor"). In that capacity, I have access to Valicor's business records, which are maintained in the ordinary course of business. Based on my personal knowledge, as well as my review of business records, I am competent to testify to the following:

3. A true and accurate copy of the arbitration agreement between Valicor and former employee Chad Downing is attached as Exhibit A.

(Ramsey Declaration). Exhibit A to the Ramsey Declaration is a copy of a signed written "ARBITRATION AGREEMENT" that states that it is between Valicor Environmental Services, Inc., including its related entities" and "Chad W. Downing ('employee')." (ECF No. 7-1 at PageID.43). The Agreement to Arbitrate states, in pertinent part, as follows:

1. <u>Consideration</u>. The Company agrees to employ me (or to continue to employ me) on an at-will basis. The Company will receive my service as an at will employee. In addition, as described below, the Company agrees to arbitrate certain claims and be bound by the results.

2. <u>Waiver of Rights</u>. Both the Company and I agree that any legal dispute between us shall be brought and maintained through binding arbitration as administered by the American Arbitration Association, except for any of the following: (i) my claim of unemployment; (ii) my claim for workers' compensation; (iii) my right to file a charge and participate in a charge filed with the National Labor Relations Board, Equal Employment Opportunity Commission, Department of Labor, or any corresponding state agency; or (iv) the Company's claims for unfair competition,

2

> intellectual property violations, theft of trade secrets, violation of a non-compete, violation of a non-solicit, or claims of tortious interference. I understand and agree that I am specifically waiving the right I otherwise would have had to sue the Company in court and have such claims decided by a judge or jury. Except for the agreement to arbitrate itself, I understand and agree that nothing in this Agreement creates for me any right or protection in connection with my employment beyond that to which I am otherwise entitled by law. I understand that this Agreement affects by legal rights and that I can speak with my own lawyer.

(*Id.* at PageID.43). The Arbitration Agreement contains signatures on page 5 of the agreement, including a signature of Downing, and it is dated April 13, 2020. (*Id.* at PageID.47).

Defendant's Motion to Compel Arbitration asserts that this Court should compel arbitration because: 1) there is a valid written agreement to arbitrate; and 2) the claims asserted in this case fall within the scope of the arbitration agreement.

Along with Plaintiff's response in opposition to the motion, Plaintiff filed a document titled "Declaration Of Plaintiff Chad Downing." (ECF No. 9-2). That document bears no signature of Downing, however, it only has an "s-slash" electronic signature. The only statements in the "Declaration" that are relevant to the pending motion are the following:

> 17. *I do not remember signing* an arbitration agreement.
>
> 18. I would have never signed a document giving up my rights without further explanation or counsel.

(*Id.* at PageID.213) (emphasis added). Notably, Plaintiff does not deny that it is his signature on the document.

Plaintiff's brief in opposition to the motion acknowledges that the "central issue" here is whether the parties have a valid arbitration agreement. (Pl.'s Br. at 4). Plaintiff's brief states that "Plaintiff respectfully submits that upon a full review of the facts at hand, it is apparent that no binding and enforceable agreement was entered into sufficient for the Court to find that she

3

[sic] knowingly gave up her [sic] constitutional right to a trial by jury." (*Id*. at 5). Although the agreement produced by Defendant is titled "ARBITRATION AGREEMENT" (in all capital letters), Plaintiff's brief asserts that "*Plaintiff had no idea that he signed an arbitration agreement and did not understand that signing it* meant that he would not be able to proceed in court on his civil rights claims." (*Id*.) (emphasis added). His brief also suggests that the motion should be denied because "Defendant's motion does not address the manner in which such a document was presented to Plaintiff nor does the provided document have numbered pages." (*Id.* at 5). Plaintiff also asserts that "Defendant does not state how many pages the document is." (*Id*.).

Contrary to Plaintiff's assertions, the Arbitration Agreement submitted by Defendant does have numbered pages (i.e., pages 1 through 5). Including the signature page, the agreement is just five pages long.

**STANDARD OF DECISION**

"Although the Federal Arbitration Act requires a court to summarily compel arbitration upon a party's request, the court may do so only if the opposing side has not put the making of the arbitration contract 'in issue.' 9 U.S.C. § 4." *Boykin v. Family Dollar Stores of Michigan, LLC*, 3 F.4th 832, 835 (6th Cir. 2021).

Where, as here, the non-movant disputes the existence of an agreement to arbitrate, the district court is to evaluate whether the non-movant has "adequately challenged the making of the contract using the standards that apply on summary judgment." *Id*. In *Boykin,* the Sixth Circuit explained that this "analogy to summary judgment provides the right way to assess a motion to compel arbitration under § 4. The question whether the party opposing arbitration has

put the making of the arbitration contract 'in issue' looks a lot like the question whether a party has raised a 'genuine issue as to any material fact.'" *Id.* Thus, the Sixth Circuit has "held that Rule 56's standards govern whether a court should hold a trial under § 4 when a party alleges that no contract exists." *Id.*

If a district court finds that a genuine issue of fact exists as to whether the parties agreed to arbitrate, the "Federal Arbitration Act requires the district court to 'proceed summarily to the trial' of the disputed fact questions. 9 U.S.C. § 4." *Boykin*, 3 F.4th at 844.

## ANALYSIS

The issue to be determined here is whether Plaintiff (the non-movant) "adequately put in 'issue'" whether he accepted the arbitration agreement under the standards of Fed. R. Civ. P. 56. *Boykin*, 3 F.4th at 839.

Under Rule 56, Defendant Valicor has the initial duty to present evidence that allows a trier of fact to find all required elements of a contract, including Plaintiff's acceptance. Valicor has met that burden by introducing a properly-signed Declaration from Ramsey that attaches what he says is a true and accurate copy of the Arbitration Agreement between Valicor and Plaintiff. Notably, this is a hard-copy of the written Arbitration Agreement that bears Plaintiff's purported signature. And Plaintiff does not dispute that it is his signature on the document.

In order to establish a genuine dispute over whether he accepted the Arbitration Agreement, Plaintiff has to "present 'specific facts, as opposed to general allegations,' that would allow a rational trier of fact to find that he did not" sign the Arbitration Agreement. *Id*.

Plaintiff attempts to meet his burden with his own purported "Declaration," wherein he states

5

that he "do[es] not remember signing an arbitration agreement" and that he "would have never signed a document giving up my rights without further explanation or counsel." (Pl.'s Decl. at ¶¶ 17-18). There are two problems with Plaintiff's evidentiary showing in response to the pending motion.

A.     **First, Plaintiff's Purported "Declaration" Lacks Plaintiff's Personal Signature.**

In determining whether Plaintiff has created an genuine issue of fact as to whether an agreement to arbitrate exists, this Court may consider any proper affidavits or declarations that Plaintiff submits to the Court.

"By definition, an affidavit is a sworn statement in writing made under an oath or an affirmation *before an authorized officer*. *Sfakianos v. Shelby Cnty. Gov't,* 481 F. App'x 244, 245 (6tth Cir. 2012) (emphasis added). In addition, an unsworn declaration submitted under 28 U.S.C. § 1746, can be considered, so long as "it is signed, dated, and recites that it was signed 'under the penalty of perjury.'). *Id.*

Here, the purported "Declaration" that Plaintiff filed as Exhibit B to his brief does not bear Plaintiff's personal signature. Rather, it contains only an "s-slash" electronic signature.

In *Blount*, the Sixth Circuit affirmed the district court's decision to exclude two affidavits that the plaintiff had submitted in support of a summary judgment motion. In doing so, it explained that the first purported affidavit submitted by the plaintiff "was not a proper declaration under 28 U.S.C. § 1746 because it was unsworn and filed with [the plaintiff's] electronic signature rather than his personal signature." *Blount v. Stanley Engineering Fastening*, 55 F.4th 504, 515 (6th Cir. 2022); *see also Sfakianos v. Shelby Cnty. Gov't*, 481 F. App'x 244, 245 (6tth Cir. 2012) (upholding district court's exclusion of unsigned document

because it did not comply with § 1746); *Johnson v. Ford Motor Co.*, 2019 WL 78893 at *7 n.3 (E.D. Mich. 2019) (Ruling that the plaintiff's declaration is not admissible because it "contains only an electronic signature" and noting that this Court's Electronic Filing Policies and Procedures require that "'An affidavit, declaration or paper containing the signature of a non-attorney shall be scanned and filed electronically.'"); *Foster v. AFNI, Inc.*, 2020 WL 1531651 at *3 (E.D. Mich. 2020) (Declining to consider electronically signed declaration).

Accordingly, the Court will not consider Plaintiff's purported declaration.

**B.      Second, Plaintiff's Declaration Is Insufficient To Create An Issue Of Fact In Any Event.**

Even if Plaintiff's purported declaration had been properly signed by Plaintiff, it would not suffice.

In *Boykin,* the Sixth Circuit addressed the "question about what kinds of 'denials' create a genuine dispute of fact." *Boykin*, 3 F.4th at 839.  It explained that "[d]ecisions that have addressed this question provide helpful guideposts." *Id.*

"On the one hand, convenient memory lapses do not create factual disputes that are genuine." *Id.* (collecting cases).  Thus, a party "cannot expect to obtain a trial under § 4 simply by testifying that the party does not 'remember' signing an arbitration contract or receiving information about arbitration." *Id*. at 840.

"On the other hand, an 'unequivocal denial' that takes the form of admissible 'evidence' can create a genuine dispute of fact." *Id*.  This means that a party "might be able to obtain a trial under § 4 with a sworn denial" that the party ever signed an arbitration agreement.  That was the scenario presented in *Bazemore v. Papa John's U.S.A., Inc.*, 74 F.4th 795 (6th Cir. 2023). In that case, the district court compelled arbitration despite the plaintiff having submitted a signed

declaration wherein he unequivocally swore, under oath, that he had never seen the arbitration agreement at issue.

A similar result was seen in *Boykin*. In that case, the district court (Judge Gershwin Drain) granted a motion to compel arbitration despite the non-movant plaintiff having provided an affidavit that included language about lacking a recollection of arbitration, but also denying that he accepted an arbitration contract by stating "I unequivocally did not consent to, sign, acknowledge or authorize any type of arbitration agreement with [Family Dollar] on or after July 15, 2013, or at any time." *Boykin, supra*, at 840.

Here, Plaintiff has not provided evidence of the kind of unequivocal denial that was seen in cases like *Boykin* or *Bazemore*. Rather, Plaintiff's Declaration states "I do not remember signing an arbitration agreement" and "I would have never signed a document giving up my rights without further explanation or counsel." (Pl.'s Decl. at ¶ 17-18). Those statements, even if they had been included in a properly-signed Declaration are not sufficient to create a genuine issue of fact, warranting a trial on the issue of whether an arbitration agreement exists.

C. There Is No Dispute That The Claims Asserted In This Action Fall Within The Scope Of The Arbitration Agreement.

The Arbitration Agreement broadly provides that the parties agree that "any legal dispute between us shall be brought and maintained through binding arbitration as administered by the American Arbitration Association," with only a few exceptions. Those exceptions are unemployment, workers compensation, and intellectual property claims. The agreement also allows Plaintiff to "file a charge and participate in a charge filed with the National Labor Relations Board, Equal Employment Opportunity Commission, Department of Labor, or any corresponding state agency."

None of those exceptions apply here, as Plaintiff's complaint asserts discrimination, retaliation, and hostile-work-environment claims. Those claims fall within the scope of the parties' Arbitration Agreement.

**D.     As A Result, This Court Will Compel Arbitration And Stay This Case (But Administratively Close It For Statistical Purposes).**

Defedant Valicor's Motion to Compel asks this Court to compel Plaintiff to arbitrate the claims he asserted in this action. It further asks this Court to either "dismiss this case" or "stay this case pending resolution of the arbitration." (Def.'s Br. at 6-7).

Plaintiff requests that, if this Court finds that there is an agreement to arbitrate, "this matter be stayed until the conclusion of any arbitration." (Pl.'s Br. at 8).

This Court shall grant Defendant Valicor's Motion to Compel, order Plaintiff to arbitrate the claims he has asserted in this action, and stay this case pending arbitration (but administratively close it for statistical purposes).

## CONCLUSION & ORDER

IT IS ORDERED that Defendant's Motion to Compel Arbitration is GRANTED and Plaintiff is COMPELLED to arbitrate the claims asserted in this case.

IT IS FURTHER ORDERED that this action is STAYED until the conclusion of the arbitration proceedings and this action is CLOSED on the Court's docket for statistical purposes.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction in accordance with the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, for the purpose of confirming, vacating, or correcting any arbitration award. Any party may move to do so at the conclusion of the arbitration proceedings.

IT IS SO ORDERED.

s/Sean F. Cox<br>Sean F. Cox<br>United States District Judge

Dated: November 3, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 3, 2023, by electronic and/or ordinary mail.

s/Jennifer McCoy<br>Case Manager