UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD DOWNING,

    Plaintiff,

v.                                                    Case No. 23-10764

VALICOR ENVIRONMENTAL          Sean F. Cox
SERVICES, LLC,                        United States District Court Judge

    Defendant.
_____/

## ORDER DENYING
## PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff filed this employment discrimination and retaliation action, asserting federal and state-law claims against his former employer. The matter recently came before the Court on Defendant's Motion to Compel Arbitration. In an Opinion and Order issued on November 3, 2023, this Court granted the motion and compelled Plaintiff to arbitrate the claims asserted in this action.

On December 1, 2023, Plaintiff filed a Motion for Reconsideration. Along with that motion, Plaintiff filed a new (and signed) Declaration, along with an additional document not previously filed during the pendency of the Motion to Compel Arbitration.

Local Rule 7.1(h) of the Local Rules for the Eastern District of Michigan governs motions for rehearing or reconsideration and provides that such motions must be filed within fourteen days after entry of the order. E.D. Mich. LR 7.1(h)(2). In order to obtain relief, the movant must show that "the court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the

1

time of its prior decision," an "intervening change in controlling law warrants a different outcome," or "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." E.D. Mich. LR 7.1(h)(2).

As explained in *Fisher*, a "motion for reconsideration that merely reasserts the same facts and legal arguments previously asserted is not proper unless there was some defect in the first hearing by which the court and the parties have been misled. *Fisher v. United States*, 589 F.Supp.3d 726, 728 (E.D. Mich. 2022, Luddington, J.) (Collecting cases).

"Nor is a motion for reconsideration a second opportunity for a party to present 'new explanations, legal theories, or proofs.'" *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). In other words, such motions cannot be used as a vehicle to introduce new evidence or arguments that could have been presented to the Court during pendency of the motion in question. *Macdermid Inc. v. Electrochemicals, Inc.,* 1998 WL 165137 at *6 n.7 (6th Cir. 1998) (citing *Rothwell Cotton Co. v. Rosenthal & Col.*, 827 F.2d 246, 251 (7th Cir. 1987)).

Having reviewed Plaintiff's Motion for Reconsideration, the Court concludes that Plaintiff has failed to make the requisite showing.

First, the motion is denied as untimely. Motions for reconsideration must be brought within fourteen days of the order at issue. Here, the Court issued is Opinion and Order granting Defendant's Motion to Compel Arbitration on November 3, 2023. Thus, any motion for reconsideration had to be filed no later than November 17, 2023. Plaintiff's December 1, 2023 Motion for Reconsideration is untimely.

Moreover, even if the motion had been timely filed, it would nevertheless be denied. Again, a motion for reconsideration is not a vehicle to introduce new evidence or arguments that

could have been presented to the court during the pendency of the motion. Yet Plaintiff's Motion for Reconsideration does just that – it attempts to introduce a new (and signed)[1] Declaration from Plaintiff and a new document not previously filed by Plaintiff during the pendency of the motion at issue.

Accordingly, for all of these reasons, the Court **ORDERS** that Plaintiff's Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED**.

                                                s/Sean F. Cox  
                                                Sean F. Cox  
                                                United States District Judge

Dated: December 12, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 12, 2023, by electronic and/or ordinary mail.

                                                s/Jennifer McCoy  
                                                Case Manager

---

[1] As noted in this Court's Opinion and Order, even if the Declaration filed by Plaintiff in response to the Motion to Compel Arbitration had been signed by Plaintiff, it would be insufficient to meet Plaintiff's burden.

3